IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOMMY BROWN,
     Petitioner,

vs.                              Case No. 3:10cv9/LAC/EMT

EDWIN G. BUSS,[1]
     Respondent.
_____/

## ORDER, REPORT AND RECOMMENDATION

Petitioner commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). Respondent filed a motion to dismiss the petition as an unauthorized successive petition (Doc. 20). Petitioner filed a response in opposition to the motion (Doc. 22). He subsequently filed a motion to supplement his response, which the court granted (*see* Docs. 27, 29).[2]

Upon thorough review, the court concludes that the petition should be dismissed as an unauthorized successive petition.

I.     BACKGROUND AND PROCEDURAL HISTORY

On May 11, 1992, Petitioner entered a plea of nolo contendere, in the Circuit Court in and for Okaloosa County, Florida, to one count of sale of cocaine and one count of possession of cocaine with intent to sell (*see* Doc. 1 at 1). The state court adjudicated him guilty and sentenced him as a

---

[1] Edwin G. Buss succeeded Walter A. McNeil as Secretary for the Department of Corrections, and is automatically substituted as Respondent. *See* Fed. R. Civ. P. 25(d)(1).

[2] The court construed Petitioner's motion to supplement as a request to supplement his response to Respondent's motion to dismiss, not as a motion to amend his habeas petition, since Petitioner did not clearly state he wished to amend his habeas petition, nor did he accompany his motion with a separate proposed amended petition in its entirety, as required by Rule 15.1 of the Local Rules for the Northern District of Florida. The court notes that Petitioner could not amend his petition as a matter of course because Respondent's motion to dismiss constituted a motion under Fed. R. Civ. P. 12(b)(1), which was filed over 21 days prior to Petitioner's motion to supplement. *See* Fed. R. Civ. P. 15(a)(1)(B).

habitual felony offender to twenty (20) years of incarceration on the sale count and ten (10) years of incarceration on the possession count (*id.*). Petitioner appealed the judgment to the Florida First District Court of Appeal; and the appellate court affirmed per curiam without written opinion on June 27, 2003. Brown v. State, 630 So. 2d 1103 (Fla. 1st DCA 1993) (Table).

Respondent contends Petitioner previously challenged the same conviction in this federal court in three prior habeas cases: Brown v. Singletary, Case No. 3:93cv30261/RV/SMN, Brown v. Singletary, Case No. 5:95cv50177/RH/SMN, and Brown v. Moore, 3:00cv181/LAC/SMN (*see* Doc. 20 at 1–2). Respondent additionally asserts Petitioner has twice filed applications with the Eleventh Circuit Court of Appeals seeking leave to file a second or successive habeas petition, but the Eleventh Circuit denied both applications (*see id.* at 2 (citing In re: Tommy Brown, Case No. 99-13523-G (11th Cir. Sept. 29, 1999) and In re: Tommy Brown, Case No. 01-14310-D (11th Cir. Aug. 13, 2001)).

The record of this Court confirms that on May 28, 1993, Petitioner filed his first habeas petition challenging his 1992 conviction in Brown v. Singletary, Case No. 3:93cv30261/RV/SMN; and that petition was dismissed on November 29, 1994, without prejudice, because it contained both exhausted and unexhausted claims (*see* attached docket for Case No. 3:93cv30261/RV/EMT). On June 22, 1995, Petitioner filed another habeas petition challenging the same 1992 conviction in Brown v. Singletary, Case No. 5:95cv50177/RH/SMN; and that petition was denied on the ground that two of his claims were procedurally defaulted and his third claim was without merit (*see* attached docket and Report and Recommendation for Case No. 5:95cv50177/RH/SMN). On May 5, 2000, Petitioner filed another habeas petition challenging the 1992 conviction in Brown v. Moore, 3:00cv181/LAC/SMN; and that petition was dismissed on the ground that it was an unauthorized successive petition (*see* attached docket and Report and Recommendation for Case No. 3:00cv181/LAC/SMN). The Report and Recommendation in that case referenced the fact that Petitioner filed an application with the Eleventh Circuit for leave to file a second or successive habeas petition, but the Eleventh Circuit denied his application (*see id.*, Report and Recommendation at 2).

In the instant petition, Petitioner again challenges his conviction and sentence imposed on May 11, 1992, for sale of cocaine and possession of cocaine with intent to sell (*see* Doc. 1). He contends his conviction violated the Double Jeopardy Clause because the underlying acts occurred during the same criminal episode, his sentence on the possession count exceeded the statutory maximum, and the evidence was insufficient to show that he was in constructive possession of the cocaine (Doc. 1 at 4–5). He also includes an indecipherable argument regarding conditional release and forfeiture of gain time, and suggests that his sentences should have been completed on September 10, 2009 (*id.* at 5).

II.    ANALYSIS

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Felker v. Turpin, 518 U.S. 651, 116 S. Ct. 2333, 2337, 136 L. Ed. 2d 346 (1996); In re Medina, 109 F.3d 1560 (11th Cir. 1997). The instant petition challenges the legality of the same state court judgment that was the subject of the § 2254 petition filed by Petitioner in 1995. Furthermore, Petitioner's 1995 petition qualified as a first petition for the purpose of determining successor status because the court adjudicated Petitioner's claims on the merits.[3] *See* Dunn v. Singletary, 168 F.3d 440, 442 (11th Cir. 1999) (denial of first § 2254 petition on the merits qualifies as first petition for purpose of determining successor status under § 2244(b)). Therefore, the instant petition is second or successive. Additionally, it is obvious from the record that Petitioner failed to obtain the requisite permission

---

[3] Some types of collateral challenges do not render subsequent habeas petitions "second or successive." *See* McGiver v. United States, 307 F.3d 1327, 1332 (11th Cir. 2002) (successful motion to file out-of-time notice of appeal does not render subsequent collateral proceedings "second or successive"); Slack v. McDaniel, 529 U.S. 473, 486–87, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (dismissal of petitioner's § 2254 claims for failure to exhaust state remedies does not render subsequent petition second or successive); Stewart v. Martinez-Villareal, 523 U.S. 637, 643–44, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998) (petitioner's Ford v. Wainwright claim that he is not competent to be executed should not be treated as "second or successive" petition, despite the fact that it had been raised in a prior petition and dismissed as unripe); Reeves v. Little, 120 F.3d 1136, 1139 (10th Cir. 1997) (prior habeas action challenging only the constitutionality of state's system of processing indigent criminal appeals does not render later § 2254 petition successive); Benton v. Washington, 106 F.3d 162, 165 (7th Cir. 1996) (§ 2254 petition dismissed for failure to pay required filing fees not counted as first petition for purpose of determining successor status).

from the Eleventh Circuit Court of Appeals prior to filing this petition. This failing operates as a jurisdictional bar that precludes this district court's consideration of the merits of the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A); Fugate v. Dep't of Corrections, 310 F.3d 1287, 1288 (11th Cir. 2002). For this reason, this case should be dismissed for lack of jurisdiction.[4]

III.     CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is **ORDERED**:

The clerk of court shall change the docket to reflect that Edwin G. Buss is substituted for Walter A. McNeil as Respondent in this action.

---

[4] The undersigned is mindful that a habeas petition challenging an administrative decision that affects the length of a prisoner's incarceration (for example, decisions by the Florida Parole Commission to release a prisoner on conditional release and then revoke it, or a decision of the Florida Department of Corrections to forfeit gain time) would not be second or successive where the claim could not have been raised in an earlier habeas petition. *See* Medberry v. Crosby, 351 F.3d 1049, 1061–62 (11th Cir. 2003). Similarly, a challenge to another state court conviction (for example, Petitioner's conviction in 2008, which he mentions in his motion to supplement his response to Respondent's motion to dismiss), would not be second or successive unless that conviction was the subject of an earlier § 2254 petition. Petitioner did not clearly assert any such challenges in the instant petition. If Petitioner wishes to challenge administrative decisions concerning the length of his incarceration or the validity of a state conviction besides his 1992 conviction, he may assert such challenges in separate habeas actions.

Case No.: 3:10cv9/LAC/EMT

And it is respectfully **RECOMMENDED**:

1.      That this habeas action be **DISMISSED** for lack of jurisdiction.

2.      That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 11th day of January 2011.


*/s/ Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

        **Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**